# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KIRK TREADWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:13-cv-01248-SAB<br><br>ORDER GRANTING PLAINTIFF'S SOCIAL SECURITY APPEAL AND REMANDING ACTION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff Anthony Kirk Treadway ("Plaintiff") filed this action seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant" or "Commissioner") denying Plaintiff's application for benefits under the Social Security Act. (ECF No. 1.)  All parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes.  (ECF Nos. 6, 8.)

Plaintiff applied for Social Security benefits due to impairments stemming from a thoracic compression fracture, lumbar degenerative disc disease, obesity, chronic obstructive pulmonary disease, asthma and keratoconus.  For the reasons set forth below, Plaintiff's appeal from the final decision of the Commissioner is granted and this action is remanded to the Commissioner for further administrative proceedings.

/ / /

/ / /

1

# I.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff applied for Supplemental Security Income benefits on June 27, 2011. (AR 231.) Plaintiff's application was denied on November 30, 2011. (AR 170)  Plaintiff requested reconsideration of the denial on December 7, 2011. (AR 174.)  Plaintiff's application was denied after reconsideration on May 10, 2012. (AR 175.)  On June 21, 2012, Plaintiff requested a hearing. (AR 180.)

On January 31, 2013, a hearing took place before Administrative Law Judge Sharon L. Madsen ("the ALJ"). (AR 28.)  On April 11, 2013, the ALJ issued a written decision and found that Plaintiff was not disabled. (AR 13-23.)  The Appeals Council denied Plaintiff's request for review on May 14, 2013. (AR. 7.)

### A. Plaintiff's Hearing Testimony

Plaintiff was born on November 2, 1961. (AR 32.)  Plaintiff weighed 229 pounds at the time of the hearing. (AR 33.)  Plaintiff is right handed. (AR 33.)  Plaintiff is single and has no children. (AR 33.)  Plaintiff lives in an apartment. (AR 33.)  Plaintiff completed high school and attended college for some time. (AR 33-34.)

Plaintiff does some household chores. (AR 34.)  Plaintiff engages in very little social activities. (AR 34.)  Plaintiff likes to read. (AR 34.)  Plaintiff usually wakes up "kind of early." (AR 34.)  Plaintiff eats breakfast, rests in his recliner, showers, brushes his teeth, and takes his dog out. (AR 35.)  Plaintiff eats lunch, prepares dinner, and washes the dishes. (AR 35.)  Plaintiff watches TV. (AR 35.)

In 1998, Plaintiff was working as "a probationary eligibility worker over at ABD Medical." (AR 36.)  Plaintiff had a hard time catching on and was demoted to "extra help office assistant." (AR 36.)  Plaintiff also did some in-home support work for her mother as a living care provider. (AR 37.)  Plaintiff's job duties included cooking, cleaning, and shopping. (AR 37.)

---

[1] Citations to the Social Security Administrative Transcript will be designated as "AR" (administrative record). Page numbers will refer to the page numbers as stamped and indexed in the lodged transcript.  (See ECF No. 9.)

2

Plaintiff suffers from constant pain. (AR 38.) Plaintiff suffers pain in the discs in his vertebrae, which is worsened with cold temperature or exertion. (AR 38.) Bending is the most uncomfortable position for Plaintiff. (AR 38.) Plaintiff went to the emergency room for back pain and was given Vicodin. (AR 39.) The Vicodin helps some, but not completely. (AR 39.) Plaintiff has not received any other treatment for the back pain, and has "just been living with it because going over there in the ER and getting this treatment, it'd mean leaving [the dog] home alone for extended period of time...." (AR 39.)

Plaintiff uses an inhaler daily. (AR 40.) Plaintiff smokes, but has been cutting back lately. (AR 41.) Plaintiff takes medication to control his blood pressure, but the medication causes drowsiness. (AR 41.) Plaintiff takes cholesterol medication, calcium and Aspirin as a blood thinner. (AR 41.) Plaintiff does not see well out of his right eye, which causes headaches. (AR 41.) Plaintiff wears bifocals. (AR 42.) Plaintiff has thoracic arthritis in his knees. (AR 42.)

Plaintiff can lift and carry about 11 pounds. (AR 43.) Plaintiff can sit for 20-30 minutes before he has to stand up. (AR 43.) Plaintiff can stand for 15-20 minutes before having to sit down. (AR 43.) Plaintiff can walk a block and a half. (AR 43.) Plaintiff has difficulty climbing stairs. (AR 44.)

Plaintiff reported getting along with other people. (AR 44-45.) Plaintiff is not receiving therapy or taking medication for mental health issues. (AR 45.) Plaintiff has no reported difficulties paying attention to TV or reading. (AR 45.) Plaintiff has no reported difficulty managing finances. (AR 45.)

**B.    VE Testimony**

Stephen Schmidt testified as a vocational expert (hereinafter referred to as "the VE") at the hearing on January 31, 2013. (AR 54.) The VE categorized Plaintiff's prior work as administrative clerk (light, SVP 4), eligibility worker (sedentary, SVP 6), and home attendant (medium but light as performed, SVP 3). (AR 55.) The VE testified that there could be some transferability of job skills to the "office kinds of occupations." (AR 55.)

///

1    The ALJ presented the following first set of hypothetical limitations to the VE:
2    - Same age, education, and work background as Plaintiff;
3    - Can lift and carry 20 pounds occasionally, 10 pounds frequently;
4    - Can sit, stand or walk six hours;
5    - Cannot climb ladders, ropes or scaffolds;
6    - No working at heights;
7    - Can only occasionally stoop or crouch;
8    - Must avoid concentrated exposure to dust, gasses and fumes; and
9    - Has limited depth perception.

(AR 55.) The VE testified that a person with such hypothetical limitations could perform the same work Plaintiff performed in the past, except that work as a home attendant as it is normally performed in the national economy could not be performed. (AR 55-56.)

The ALJ presented the following second set of hypothetical limitations to the VE:
- Can lift and carry 25 pounds occasionally, 10 pounds frequently;
- Can sit, stand, or walk for two hours;
- Can only occasionally bend or climb;
- No squatting, crawling, kneeling or stooping;
- No working at heights or on ladders;
- Limited near acuity and far acuity; and
- Field of vision and asthma precautions.

(AR 56.) The VE testified that a person with such hypothetical limitations could not perform any work. (AR 56.)

### C. Medical Records

The administrative record includes the following medical records: records from Community Regional Medical Center (308-329, 343-347, 350-368, 372-381), a September 27, 2011 Complete Internal Medicine Evaluation from Dr. Samuel B. Rush, M.D. (AR 330-335), an October 11, 2011 correspondence from Dr. Regina C. Hamlin, M.D. (AR 336), ophthalmology records from Dr. Gary M. Waters, M.D. (337-341), an August 23, 2012 Physical Capacities

Evaluation from Dr. Muhammad Riaz (AR 348-349), medical records from the Fresno County Department of Behavioral Health (AR 369-371), a March 5, 2013 Psychological Evaluation from Dr. James P. Murphy, Ph.D (AR 382-389), and a February 20, 2013 Report of Ophthalmological/Optometric Examination from Dr. Gary M. Waters, M.D. (AR 390-397).

### D. The ALJ's Findings

The ALJ made the following findings of fact and conclusions of law:

- Plaintiff has not engaged in substantial gainful activity since June 27, 2011;
- Plaintiff has the following severe impairments: thoracic compression fracture at the T9 level with kyphosis; lumbar degenerative disc disease; obesity; chronic obstructive pulmonary disease; asthma; and keratoconus;
- Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1;
- Plaintiff has the residual functional capacity to lift and carry 20 pounds occasionally, 10 pounds frequently, stand and walk 6 hours cumulatively, and sit 6 hours total in an 8-hour workday.  He is unable to climb ladders, ropes, or scaffolds.  Additionally, Plaintiff is unable to work at heights.  However, he is capable of occasionally stooping and crouching.  Further, he must avoid concentrated exposure to dusts, gases, and fumes.  Finally, he is limited to monocular vision tasks with limited depth perception;
- Plaintiff is capable of performing past relevant work as an Administrative Clerk, Eligibility Worker, and Home Attendant;
- Plaintiff has not been under a disability, as defined in the Social Security Act, since June 27, 2011, the date the application was filed.

(AR 18-23.)

/ / /

/ / /

/ / /

/ / /

## II.

## LEGAL STANDARDS FOR JUDICIAL REVIEW OF SOCIAL SECURITY DETERMINATIONS

An individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits.  42 U.S.C. § 405(g).  The Court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means more than a scintilla, but less than a preponderance.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence."  Hill, 698 F.3d at 1159 (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)).  However, it is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's.  See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")

## III.

## DISCUSSION AND ANALYSIS

### A. The ALJ Erred in Her Treatment of the Opinions of Treating Physician Dr. Muhammad Riaz, M.D.

Plaintiff contends that the ALJ erred in her treatment of the opinion of Dr. Muhammad Riaz.  Specifically, Plaintiff contends that the ALJ erred in failing to adopt Dr. Riaz's opinions regarding Plaintiff's limitations of no stooping, sitting for only four hours per day, and standing and walking for only two hours per day with rest periods.

"Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the

claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Id. (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)); see also Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("...generally a treating physician's opinion carries the most weight of the various types of physician testimony.") "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id. (citing Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990); Gallant v. Heckler, 753 F.2d 1450 (9th Cir. 1984))

"[W]here the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." Lester, 81 F.3d at 830 (citing Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)). "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Riaz was Plaintiff's treating physician. Dr. Riaz authored a Physical Capacities Evaluation dated August 23, 2012. (AR 348-349.) Dr. Riaz opined that Plaintiff could sit four hours in an eight hour work day, stand two hours in an eight hour work day, and walk two hours in an eight hour work day. (AR 348.) Dr. Riaz further opined that Plaintiff must periodically alternative between sitting and standing every two to four minutes to relieve pain and must rest two to four hours in a typical eight hour day, in addition to normal break periods and lunch breaks. (AR 348.) Dr. Riaz opined that Plaintiff can never squat, crawl, kneel, or stoop. (AR 348.)

The ALJ provided the following analysis of Dr. Riaz's opinions:

> On August 23, 2012, treating physician, Muhammad Riaz, M.D., gave a similar opinion as to Dr. Ocrant, but without environmental limitations and less postural restrictions (Exhibit C7F). I give Dr. Riaz opinion [sic] great weight because the medical evidence of record supports it, particularly, diagnostic images that showed no cord compression, stenosis, or nerve root compression (Exhibit C1F, pp. 1-2). Additionally, the treatment for the back is limited

> and generally, the claimant did not report subjective complaints about the back (Exhibits C1F; C6F; C8F). However, I find the claimant's postural, environmental, and visual limitations are more restrictive than determined by Dr. Riaz, based upon treatment records that showed limited right eye vision, asthma, and mild kyphosis (Exhibits C1F, p.1; C6F; C13F, p. 4; ).

(AR 21-22.)

The Court notes that the ALJ's written decision appears to rely on a misreading of Dr. Riaz's report. The ALJ indicated that she gave great weight to Dr. Riaz's opinion, yet the ALJ's RFC was substantially less restrictive than the limitations opined by Dr. Riaz. The ALJ stated that her determination of Plaintiff's "postural, environmental, and visual limitations are more restrictive than determined by Dr. Riaz," (AR 21) which was not the case as the ALJ's determination was less restrictive than the limitations determined by Dr. Riaz. The ALJ also stated that Dr. Riaz's opinion was similar to Dr. Ocrant's "but without environmental limitations and less postural restrictions." (AR 21.) This is also not the case, as Dr. Riaz opined to some environmental limitations ("moderate" restriction from hazards such as machinery and heights) and opined to more restrictive postural limitations (e.g., 6 hours of standing, walking, or sitting opined by Dr. Ocrant versus 2 hours opined by Dr. Riaz). Finally, the ALJ indicated that Plaintiff's limited back treatment and lack of subjective complaints supported Dr. Riaz's opinion (AR 22) when such facts would be inconsistent with Dr. Riaz's opinion that Plaintiff suffered from substantial postural limitations.

The ALJ did not identify any basis to reject Dr. Riaz's opinions, particularly those pertaining to Plaintiff's limitations in standing, walking and sitting. Accordingly, the ALJ erred: even though Dr. Riaz was contradicted by other doctors, the ALJ must identify specific and legitimate reasons supported by substantial evidence to reject Dr. Riaz's opinion. The ALJ did not do so, as the ALJ appeared to be under the mistaken belief that her findings were more favorable to Plaintiff than Dr. Riaz's.

Defendant's opposition identifies various reasons why Dr. Riaz's opinion could have been rejected by the ALJ. However, these reasons were not cited in the ALJ's written decision as grounds to reject Dr. Riaz's opinion. Accordingly, the Court cannot affirm the ALJ's

conclusions based upon the reasons offered by Defendant.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

### B. Remand for Further Administrative Proceedings

Plaintiff contends that this action should be remanded for an immediate award of benefits, as opposed to a remand for further administrative proceedings to determine whether an award of benefits is appropriate.

Generally, remand for further administrative proceedings is appropriate if enhancement of the record would be useful.  Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  "Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits."  Id.  "More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."  Id. (citing Harman, 211 F.3d at 1178).  "The decision to remand to the SSA for further proceedings instead of for an immediate award of benefits is reviewed for abuse of discretion."  Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004) (citing Harman v. Apfel, 211 F.3d 1172, 1174, 1178 (9th Cir. 2000)).

In this case, even if Dr. Riaz's opinions are credited as true, there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled.  There is no VE testimony regarding whether Plaintiff could work given the limitations opined by Dr. Riaz.  As noted by Defendant, the second hypothetical presented to the VE was substantially more restrictive than the limitations opined by Dr. Riaz, as the second hypothetical limited sitting, standing or walking

///

///

to two hours² whereas Dr. Riaz opined that Plaintiff could sit for four hours and stand or walk for two hours. Therefore, the Court will remand for further administrative proceedings.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the ALJ erred in her treatment of Dr. Riaz's opinions. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's appeal from the administrative decision of the Commissioner is GRANTED;

2. This action is REMANED to the Commissioner for further administrative proceedings;

3. JUDGMENT is entered in favor of Plaintiff Anthony Kirk Treadway and against Defendant Commissioner of Social Security; and

4. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated: **July 18, 2014**

UNITED STATES MAGISTRATE JUDGE

---

² Notably, the transcript is unclear as to this portion of the second hypothetical, as it states "sit for stand or walk, two." (AR 56.) Even if the Court were to presume that the transcript meant to state "sit or stand or walk, two hours," it is unclear whether it is two cumulative hours of sitting, standing or walking, or whether it is two hours of sitting, two hours standing, and two hours walking, for a possible cumulative total of six hours switching between the three activities.