1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  ANTHONY KIRK TREADWAY,              Case No.  1:13-cv-01248-SAB

12         Plaintiff,                  ORDER PARTIALLY GRANTING
                                       PLAINTIFF'S MOTION FOR ATTORNEYS
13      v.                             FEES

14  COMMISSIONER OF SOCIAL SECURITY,   ECF NO.  23

15         Defendant.

16

17       On October 1, 2014, Plaintiff Anthony Kirk Treadway ("Plaintiff") filed an application

18  seeking attorneys' fees and expenses under the Equal Access to Justice Act.  (ECF No. 23.)

19  Plaintiff originally sought attorneys' fees and expenses in the amount of $5,483.46, but later

20  requested $6,565.10 due to additional fees and expenses associated with this fees litigation.  For

21  the reasons set forth below, Plaintiff's motion will be partially granted.

22                                     **I.**

23                            **BACKGROUND**[1]

24       Plaintiff applied for Supplemental Security Income benefits on June 27, 2011.  (AR 231.)

25  Plaintiff's application was denied on November 30, 2011.  (AR 170)  Plaintiff requested

26  reconsideration of the denial on December 7, 2011.  (AR 174.)  Plaintiff's application was denied

27

28  [1] Citations to the Social Security Administrative Transcript will be designated as "AR" (administrative record).
    Page numbers will refer to the page numbers as stamped and indexed in the lodged transcript.  (See ECF No. 9.)

1    after reconsideration on May 10, 2012.  (AR 175.)  On June 21, 2012, Plaintiff requested a

2    hearing.  (AR 180.)  On January 31, 2013, a hearing took place before Administrative Law Judge

3    Sharon L. Madsen ("the ALJ").  (AR 28.)  On April 11, 2013, the ALJ issued a written decision

4    and found that Plaintiff was not disabled.  (AR 13-23.)  The Appeals Council denied Plaintiff's

5    request for review on May 14, 2013.  (AR. 7.)

6         The appeal in this action concerned the ALJ's determination of Plaintiff's residual

7    functional capacity ("RFC").  The ALJ determined that Plaintiff could lift and carry 20 pounds

8    occasionally and 10 pounds frequently, could stand and walk six hours cumulatively and sit six

9    hours total in an eight hour workday, could not climb ladders, ropes, or scaffolds, could not work

10   at heights, could occasionally stoop and crouch, must avoid concentrated exposure to dusts,

11   gases and fumes, and is limited to monocular vision tasks with limited depth perception.  (AR

12   18-23.)

13        This Court remanded for further administrative proceedings based upon the ALJ's

14   analysis of the opinions of Dr. Muhammad Riaz, Plaintiff's treating physician.   The

15   administrative record in this case included an August 23, 2012 evaluation authored by Dr. Riaz.

16   (AR 348-349.)  Dr. Riaz opined that Plaintiff could sit for four hours in an eight hour work day,

17   could stand two hours in an eight hour work day, and could walk two hours in an eight hour

18   work day.  (AR 348.)  Dr. Riaz opined that Plaintiff must alternate between sitting and standing

19   every two to four minutes to relieve pain and must rest two to four hours in a typical eight hour

20   day, in addition to normal break periods.  (AR 348.)  Dr. Riaz opined that Plaintiff could lift up

21   to 11-20 pounds frequently, 21-25 pounds occasionally, and never lift 25-50 pounds.  (AR 348.)

22   Dr. Riaz opined that Plaintiff could never squat, kneel, or stoop and could only occasionally bend

23   or climb.  (AR 348.)  Dr. Riaz opined that Plaintiff is moderately restricted from activities

24   involving hazards such as machinery or heights.  (AR 348.)  Dr. Riaz also noted that Plaintiff had

25   limited near acuity, far acuity and field of vision.  (AR 348.)

26        The ALJ's analysis of Dr. Riaz's opinions stated:

27            On August 23, 2012, treating physician, Muhammad Riaz, M.D.,
             gave a similar opinion as to Dr. Ocrant, but without environmental
28           limitations and less postural restrictions (Exhibit C7F).  I give Dr.

1
2
3
4
5
6

Riaz opinion [sic] great weight because the medical evidence of record supports it, particularly, diagnostic images that showed no cord compression, stenosis, or nerve root compression (Exhibit C1F, pp. 1-2).  Additionally, the treatment for the back is limited and generally, the claimant did not report subjective complaints about the back (Exhibits C1F; C6F; C8F).  However, I find the claimant's postural, environmental, and visual limitations are more restrictive than determined by Dr. Riaz, based upon treatment records that showed limited right eye vision, asthma, and mild kyphosis (Exhibits C1F, p.1; C6F; C13F, p. 4; ).

7 (AR 21-22.)

8   The Court found that the ALJ's analysis of Dr. Riaz's opinions was flawed because it

9 appeared that the ALJ misinterpreted Dr. Riaz's evaluation.  The ALJ stated that she gave "great

10 weight" to Dr. Riaz's opinions, yet the ALJ's findings deviated substantially from Dr. Riaz's

11 findings.  Moreover, the ALJ stated that her determination of Plaintiff's postural, environmental,

12 and visual limitations are more restrictive than determined by Dr. Riaz, when in fact the ALJ's

13 determinations were less restrictive.  The ALJ stated that Dr. Riaz's opinions were similar to

14 those of Dr. Ocrant's, when in fact this was not the case as Dr. Riaz's opinions were substantially

15 more restrictive than Dr. Ocrant's.  It appeared that the ALJ simply misread Dr. Riaz's

16 evaluation or confused Dr. Riaz's evaluation with someone else's.  Thus, the Court remanded for

17 further administrative proceedings because the ALJ effectively rejected Dr. Riaz's opinions

18 without citing a proper basis for doing so.

19 **II.**

20 **LEGAL STANDARDS FOR EAJA MOTIONS**

21   A party that prevails against the United States in a civil action is entitled, in certain

22 circumstances, to an award of attorney's fees, court costs, and other expenses under the EAJA.

23 Flores v. Shalala, 49 F.3d 562, 566 (9th Cir. 1995).  The Equal Access to Justice Act ("EAJA"),

24 28 U.S.C. § 2412(d), states, in pertinent part:

25
26
27
28

(d)(1)(A)  Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds

1
2
             that the position of the United States was substantially justified or
that special circumstances make an award unjust.

3   The Court is required to provide a concise but clear explanation for the reasons for the fee award.

4   Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).   Hours that are inadequately

5   documented and hours that were not reasonably expended may reduce the fee award.   Id. at

6   1146.

7         Fee shifting under EAJA is not mandatory.   Flores, 49 F.3d at 567.   Attorneys' fees and

8   expenses are not awarded under EAJA where the government's position was substantially

9   justified.   Id.   "A position is 'substantially justified' if it has a 'reasonable basis in law and fact.'"

10   Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010) (quoting Pierce v. Underwood, 487 U.S.

11   552, 565 (1988)).   "It is the government's burden to show that its position was substantially

12   justified or that special circumstances exist to make an award unjust."   Gutierrez v. Barnhart, 274

13   F.3d 1255, 1258 (9th Cir. 2001).   The government must establish first, whether the underlying

14   conduct of the ALJ was "substantially justified" and second, that its litigation position defending

15   the ALJ's error was "substantially justified."   Id. at 1259.   As the Ninth Circuit described:

16
17
18
             Substantial justification does not mean "justified to a high degree,"
but simply entails that the government must show that its position
meets the traditional reasonableness standard-that is "justified in
substance or in the main," or "to a degree that could satisfy a
reasonable person."

19   Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998).

20         Under EAJA, attorney fees are capped at $125.00 per hour "unless the court determines

21   that an increase in the cost of living or a special factor, such as the limited availability of

22   qualified attorneys for the proceedings involved, justifies a higher fee."   28 U.S.C. §

23   2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).

24   **III.**

25   **DISCUSSION**

26         Plaintiff contends that an award of fees under EAJA is proper because the government's

27   position was not substantially justified.   Defendant argues that the government's position was

28   substantially justified.   Alternatively, Defendant argues that Plaintiff's requested fee award

1   should be reduced because they are unreasonable.  Finally, Plaintiff argues that Defendant's right

2   to an offset from the fee award should be waived unless they identify an offset immediately and

3   that the fee award should be paid directly to Plaintiff's attorney.

4          **A.**       **The Government's Position in this Action Was Not Substantially Justified**

5          The parties dispute whether the government's position in this action was substantially

6   justified.  Defendant does not dispute the Court's findings regarding the apparent discrepancies

7   in the ALJ's analysis of Dr. Riaz's opinions.  Defendant, however, argue that their litigation

8   position was substantially justified.

9          The Court notes that it is the government's burden to demonstrate that both the conduct

10  of the ALJ and the litigation position defending the ALJ's error were substantially justified.  The

11  arguments raised in Defendant's speak more to Defendant's litigation position and says little

12  about the reasonableness of the ALJ's conduct.

13         The Court finds that the ALJ's conduct was not substantially justified.  Plainly, there is

14  error in the ALJ's written analysis of Dr. Riaz's evaluation.  The ALJ wrote that Dr. Riaz's

15  opinions were similar to Dr. Ocrant, but without environmental limitations and less postural

16  restrictions.  This assertion is simply inaccurate: Dr. Riaz's opined to environmental limitations

17  and more postural restrictions.  The ALJ wrote that her own determination of Plaintiff's postural,

18  environmental, and visual limitations were more restrictive than determined by Dr. Riaz, which

19  was also untrue, at least with respect to the postural limitations and vision limitations.

20         Looking at the ALJ's analysis of Dr. Riaz's opinion as a whole, the ALJ wrote that she

21  gave Dr. Riaz's opinion great weight and the ALJ indicated that she only departed from Dr.

22  Riaz's opinions in findings that were more favorable to Plaintiff.  Since that was clearly not the

23  case, particularly with respect to the ALJ's findings and Dr. Riaz's opinions regarding Plaintiff's

24  postural (sitting/standing/walking) limitations, it is clear that the ALJ simply misread Dr. Riaz's

25  evaluation.  Moreover, the Court finds that the ALJ's misreading of Dr. Riaz's evaluation did not

26  meet the traditional reasonableness standard, was not "justified in substance or in the main," and

27  was not justified "to a degree that could satisfy a reasonable person."  Therefore, the ALJ's

28  conduct does not meet the substantial justification standard.

1       The Court further finds that the government's litigation position was not substantially

2   justified.  As a starting point, the Court notes that the government's litigation position must be

3   viewed in light of the legal proposition that the ALJ's decision can only be affirmed on grounds

4   that the ALJ relied upon in her decision.  See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

5       Given that affirmation on appeal is limited to grounds relied upon by the ALJ, the

6   government's litigation position was unreasonable.  The ALJ simply did not identify any grounds

7   to reject Dr. Riaz's opinions regarding Plaintiff's sitting, standing and walking limitations.  The

8   ALJ did not even accurately acknowledge a difference in opinion between the ALJ's findings

9   and Dr. Riaz's findings with respect to Plaintiff's postural limitations because the ALJ's analysis

10  erroneously stated that the ALJ's findings were more restrictive than Dr. Ocrant's.

11      Defendant argues that the ALJ's actions were substantially justified "because the ALJ

12  performed an analysis of Dr. Riaz's opinion, which the ALJ is required to under the regulations."

13  (Def.'s Mem. of P. & A. in Opp'n to Pl.'s Appl. for Attorney's Fees Under the EAJA 5:15-16.)

14  None of the cases cited by Defendant stands for the proposition that substantial justification

15  exists simply because the ALJ performed some analysis of the evidence at issue.  The mere fact

16  that the ALJ "analyzed" Dr. Riaz's opinion does not automatically render her actions

17  substantially justified, particularly where the analysis was based on a fundamental misreading of

18  Dr. Riaz's opinion and the misreading does not meet the traditional reasonableness standard.

19      Furthermore, the reasonable litigation position to take from the government's perspective

20  would have been to acknowledge the plain error in the ALJ's written decision and voluntarily

21  remand to provide an accurate reassessment of Dr. Riaz's opinions.  Instead, the government

22  took the position that the ALJ's findings were justified on grounds not cited by the ALJ, which

23  was an untenable legal position in light of the narrow focus of appellate review set forth in Orn.

24      Based upon the foregoing, the Court finds that Defendant's actions were not substantially

25  justified and, therefore, Plaintiff is entitled to EAJA fees.

26  **B.      Amount of EAJA Fees**

27      Defendant argues that Plaintiff's fee request should be reduced because the fees sought

28  are not reasonable.  Specifically, Defendant argues that the requested fees should be reduced by

1   2.5 paralegal hours ($342.50), .3 attorney hours ($56.94), and $60 in service related expenses.

2   Defendant argues that 2.5 hours of Plaintiff's reported paralegal time was unreasonable

3   because the tasks performed were clerical in nature.  Specifically, Defendant notes that 1.5 hours

4   of paralegal work was for accessing documents from the Court's ECF systems over several

5   dates.  Defendant also notes that 1.5 hours of paralegal work was spent preparing the boilerplate

6   complaint that should have taken not more than 0.5 hours.

7   "The amount of attorneys' fees awarded under EAJA must be reasonable."  Nadarajah v.

8   Holder, 569 F.3d 906, 910 (9th Cir. 2009).  Plaintiff is not permitted to recover EAJA fees for

9   clerical work billed at a paralegal rate, regardless of who performs the work.  Missouri v. Jenkins

10  by Agyei, 491 U.S. 274, 288 n.10 (1989); Nadarajah, 569 F.3d at 921.  While Plaintiff identifies

11  some non-clerical work performed by paralegals, the Court finds that the following billing

12  entries are not compensable at paralegal rates under EAJA:

13  • July 30, 2013, 0.1 hours: accessing and retrieving confirmation sheet for complaint and

14     IFP;

15  • August 12, 2013, 0.1 hours: accessing ECF and retrieving summons and related

16     documents;

17  • August 14, 2013, 0.2 hours: accessing ECF and retrieving scheduling order and

18     calendaring of same;

19  • September 5, 2013, 0.1 hours: accessing ECF and retrieving magistrate consent form

20     from the Commissioner;

21  • December 30, 2013, 0.1 hours: accessing ECF and retrieving notice of filing

22     administrative record;

23  • March 4, 2014, 0.2 hours: preparation and filing of proof of service of settlement brief;

24  • March 25, 2014, 0.1 hours: accessing ECF and retrieving filed opening brief;

25  • April 24, 2014, 0.2 hours: accessing ECF and retrieving opposition;

26  • May 15, 2014, 0.2 hours: accessing ECF and retrieving filed reply brief;

27  • July 21, 2014, 0.1 hours: accessing ECF and retrieving judgment; and

28  • July 21, 2014, 0.1 hours: accessing ECF and retrieving memorandum and opinion;

1  (Decl. of Denise Bourgeois Haley, Ex. 1.)

2        Plaintiff argues that accessing ECF is not a clerical task because it requires the use of an

3  attorney's ID and password to accessing the ECF system.  This argument has no merit.  The

4  mere fact that the ECF system requires the use of a password does not transform an otherwise

5  clerical task into a non-clerical task that can be compensated at paralegal rates.  See Felegi v.

6  Astrue, No. 2:10-cv-02186, 2012 WL 1134784, at *3 (W.D. Ark. Apr. 4, 2012); Dobina v.

7  Carruthers, No. 5:09cv2426, 2010 WL 1796345, at *4 (N.D. Ohio May 3, 2010).  Accordingly,

8  the Court will reduce the requested fees associated with the above entries, which amounts to 1.5

9  hours of paralegal time (1.5 hours x $137 per hour = $205.50).

10        Defendant also argues that the 1.5 hours of paralegal time spent preparing the complaint

11  in this matter should be reduced because the complaint was less than two pages long and was

12  largely boilerplate.  Plaintiff's reply does not address the amount of time spent drafting the

13  complaint.  The Court is cognizant of the fact that Plaintiff's attorney represents several

14  claimants in Social Security appeals actions filed in this Court.  See, e.g., Brenda Dee Baker v.

15  Commissioner of Social Security, Case No. 1:13-cv-01350-SAB.  A comparison of the

16  complaint filed in this action with complaints filed in other actions by Plaintiff's attorney reveals

17  minimal differences.  The complaints are largely identical, with the exception of the plaintiff's

18  name, the inclusion of a portion of the plaintiff's social security number, and other minor details.

19  The complaint does not include any allegations regarding the plaintiff's specific impairments or

20  any specific errors committed by Defendant.  It is difficult to imagine that it would take a

21  paralegal longer than thirty minutes to fill in the blanks in the boilerplate complaint.

22  Accordingly, the Court finds that thirty minutes is a reasonable amount of time and will deduct

23  the requested fees by one hour of paralegal time (1 hours x $137 per hour = $137).

24        Defendant argues that Plaintiff inappropriately requests .3 hours of attorney work

25  compensation for time spent on a proof of service on January 28, 2014.  Plaintiff's reply does not

26  respond to Defendant's argument.  The Court finds that the preparation of a proof of service is

27  not work that is reasonably compensable at attorney rates.  Accordingly, the Court will deduct

28

1  this entry from the requested fees (0.3 hours x $189.78 per hour = $56.93).[2]

2       Defendant argues that Plaintiff is not entitled to $60 for service related expenses because

3  the Court already reimbursed Plaintiff's service expenses in Plaintiff's bill of costs.   In their

4  reply, Plaintiff indicates this $60 cost will be waived.  (Pl.'s Reply in Supp. of Pet. for Fees and

5  Costs; Mem. of P. & A.; Decl. of Denise Bourgeois Haley 9:4-5.)   Accordingly, the Court will

6  deduct $60 from the requested fee.

7       Based upon the foregoing, the Court will deduct $459.43 from the requested fees under

8  EAJA.

9       **C.**     **Payment of Fees Directly to Plaintiff's Attorney**

10       Plaintiff argues that the Court should "honor" the assignment of EAJA fees contained in

11  Plaintiff's retainer agreement with his attorneys.  Although unclear, Plaintiff appears to argue

12  that Defendant should be required to identify any offset that the government is entitled to under

13  the Anti-Assignment Act immediately or otherwise any such offset should be deemed waived.

14  Plaintiff also appears to argue that, if no offset is claimed, the Court should award any EAJA

15  fees directly to Plaintiff's attorneys.

16       The Court notes that Plaintiff appears to mischaracterize Defendant's right to an offset

17  under the Anti-Assignment Act as a "defense."  The government has a right to offset federal

18  payments, such as an EAJA award in this case, to pay delinquent, nontax debts owed to Federal

19  agencies.  <u>See</u> 31 U.S.C. § 3716; 31 C.F.R. § 285.5.  This right has nothing to do with the merits

20  of Plaintiff's Social Security appeal.  Accordingly, it is not a "defense" that must be raised in this

21  action.

22       Plaintiff argues that Defendant should be argued to disclose the existence of any debts

23  that would trigger an offset now, rather than leave it as a "surprise" later.  The procedural steps

24  that the government must follow in order to collect an offset are set forth in 31 U.S.C. § 3716

25  and 31 C.F.R. § 285.5 and include written notice to the debtor, an explanation of the rights of the

26

27  [2] Although this billing entry also references other work that is possibly compensable ("preparation of email to ARC"), it is Plaintiff's burden to show that all the fees requested are reasonable.  <u>Hensley v. Eckerhart</u>, 461 U.S.

28  424, 436 (1983).  Given Plaintiff's failure to address this issue in their reply brief, the Court finds that Plaintiff has not met their burden to show that this billing entry, or even a fraction of this billing entry, is reasonable.

1   debtor, an opportunity to review the agency's records, etc.  Accordingly, the relevant statutes and

2   regulations provide for adequate notice and opportunity to challenge the agency's actions,

3   leaving no "surprise" later.  The statutes and regulations establish a process the government must

4   follow to collect the offset.  None of the steps in that process involve a requirement that the

5   existence of a debt be disclosed right now, in this action.

6          As a separate but related issue, Plaintiff appears to argue that the Court should order

7   EAJA fees be paid directly to Plaintiff's counsel.  Plaintiff cites U.S. v. $186,416.00 in U.S.

8   Currency, 722 F.3d 1173 (9th Cir. 2013), in support of this proposition.  In $186,416.00, the

9   Ninth Circuit held that in limited circumstances, courts may order that fees be paid directly to an

10  attorney on account of a contractual assignment, even when the attorney has no statutory right to

11  collect fees directly.  $186,416.00 in U.S. Currency, 722 F.3d at 1175.  However, the Court also

12  noted that $186,416.00 "is not a case where the attorney is seeking a direct assignment of fee

13  awards to jump ahead of other creditors."  Id. at 1176.  This is not the case in this action, as it is

14  clear that Plaintiff's attorney is attempting to circumvent the possibility that portions of the

15  EAJA award are offset by the government.  Although the Ninth Circuit held that the government

16  waived any argument that the assignment was invalid under the Anti-Assignment Act, the same

17  is not true here because Defendant has adequately raised the issue before this Court by

18  explaining the application of the Anti-Assignment Act in its opposition brief.  Compare

19  $186,416.00, 722 F.3d at 1176 n.1 (government waived argument because "[t]he government

20  only mentions the Act in its reply brief and even then does not explain its application to this

21  case.").  Based upon the foregoing, the Court will not order that the EAJA fee award be paid

22  directly to Plaintiff's attorney.

23          **D.     Additional Fees Associated With Fees Litigation**

24          In their reply, Plaintiff requests an additional 6.1 hours of attorney work to be

25  compensated for work preparing the motion for attorneys' fees and preparing the reply to

26  Defendant's opposition.  Fees awarded under EAJA may include fees associated with fee

27  litigation.  Commissioner, I.N.S. v. Jean, 496 U.S. 154, 164-66 (1990).  However, the Court has

28  "discretion to adjust the amount of fees for various portions of the litigation, guided by reason

1   and statutory criteria." <u>Id.</u> at 165-66.   Among other things, the Court must consider the

2   relationship between the amount of the fee awarded and the results obtained.   <u>Hensley v.</u>

3   <u>Eckerhart</u>, 461 U.S. 424, 437 (1983).

4        In this case, three major issues were raised in Plaintiff's fee motion: 1) whether

5   Defendant's actions were "substantially justified," 2) whether the amount of fees was reasonable,

6   and 3) whether the fees in this case should be paid directly to Plaintiff's counsel.   Plaintiff

7   prevailed on one of the three issues.   Accordingly, considering the results obtained, the Court

8   will increase the EAJA fee award by one third of the amount of work associated with the fee

9   litigation, or two hours of attorney time (2 hours x $189.78 per hour = $379.56).

10                                              **IV.**

11                              **CONCLUSION AND ORDER**

12        The Court finds that the Defendant's conduct was not substantially justified and an award

13   of fees under EAJA is warranted.   The Court further finds that the amount of fees requested by

14   Plaintiff are not entirely reasonable, and will reduce the requested fees by $459.43.   The Court

15   finds that the fees should be awarded to Plaintiff and not Plaintiff's attorney.   Finally, the Court

16   will award $379.56 in fees associated with the fees litigation.

17        Based upon the foregoing, IT IS HEREBY ORDERED that:

18        1.      Plaintiff's motion for attorney fees is PARTIALLY GRANTED; and

19        2.      Plaintiff is awarded fees under the Equal Access to Justice Act in the amount of

20                $5,327.58.

21

22   IT IS SO ORDERED.

23   Dated:   **December 5, 2014**
                                        _____
24                                       UNITED STATES MAGISTRATE JUDGE

25

26

27

28